IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DELISSA McADOO, | : | |
| | : | |
| Plaintiff, | : | Civil Action Number: |
| | : | |
| vs. | : | |
| | : | |
| CONTRACT PACKAGING, INC. | : | **Jury Trial Demanded** |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

Plaintiff, Delissa McAdoo ("Plaintiff") by and through the undersigned counsel,

brings this complaint against Defendant Contract Packaging, Inc. ("Contract Packaging")

and pleads as follows:

## INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as

amended) (29 U.S.C. § 201 et.seq.), herein after "the FLSA to (1) recover the overtime

pay that was denied her; (2) an additional amount as liquidated damages; and (3) for her

costs of litigation, including her reasonable attorneys' fees.

## JURISDICTION AND VENUE

### 2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

### 3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant Contract Packaging is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

### 4.

Plaintiff resides within Henry County, Georgia.

### 5.

Contract Packaging has employed Plaintiff Delissa McAdoo as a Quality Control Chemist in Covington, Georgia from July 27, 2009 through the present date.

6.

At all times relevant to this suit, Plaintiff has been an "employee" of "Contract Packaging" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about July 27, 2009 until the present date, Plaintiff has been "engaged in commerce" as an employee of Defendant Contract Packaging as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

From on or about July 27, 2009 until the present date, Plaintiff has been engaged in the "production of goods for commerce" as an employee of Defendant Contract Packaging as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

Defendant Contract Packaging is a corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Defendant Contract Packaging has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

From on or about July 27, 2009 until the present date, Defendant Contract

Packaging has been an "enterprise engaged in commerce or in the production of goods

for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

During 2009, Defendant Contract Packaging had two or more "employees

engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2010, Defendant Contract Packaging had two or more "employees

engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2011, Defendant Contract Packaging had two or more "employees

engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2012, Defendant Contract Packaging had two or more "employees

engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2009, Defendant Contract Packaging had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2010, Defendant Contract Packaging had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2011, Defendant Contract Packaging had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2012, Defendant Contract Packaging had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2009, Defendant Contract Packaging had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2010, Defendant Contract Packaging had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2011, Defendant Contract Packaging had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2012, Defendant Contract Packaging had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

24.

During 2009, Defendant Contract Packaging had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

During 2010, Defendant Contract Packaging had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

During 2011, Defendant Contract Packaging had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

During 2012, Defendant Contract Packaging had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

At all times material hereto, Defendant Contract Packaging has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

29.

Defendant Contract Packaging is subject to the personal jurisdiction of this Court.

30.

At all times relevant, Defendant classified Plaintiff as exempt under the FLSA.

31.

Plaintiff's job function and terms and conditions of employment do not entitle Defendants to treat Plaintiff as an exempt employee under the FLSA.

32.

At all times relevant to this suit and while an employee of Defendant Contract Packaging, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

33.

At all times relevant to this suit and while an employee of Defendant Contract Packaging, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

34.

At all times relevant to this suit and while an employee of Defendant Contract Packaging, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

35.

At all times relevant to this suit and while an employee of Defendant Contract Packaging, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

36.

At all times relevant to this suit and while an employee of Defendant Contract Packaging, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of  29 USC § 213 (a).

### COUNT I — FAILURE TO PAY OVERTME

37.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

38.

At all times material hereto, Delissa McAdoo has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

39.

As set out above, Defendant misclassified Plaintiff as exempt.

40.

During her employment with Defendant, Delissa McAdoo regularly worked in excess of forty (40) hours each week.

41.

Defendant failed to pay Delissa McAdoo at one and one half times her regular rate for work in excess of forty (40) hours in any week from July 27, 2009 through the present date.

42.

Defendant willfully failed to pay Delissa McAdoo at one and one half times her regular rate for work in excess of forty (40) hours in any week from July 27, 2009 through the present date.

43.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

44.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

45.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. As to Count I, that Plaintiff be awarded an amount to be determined at trial against

Defendant in unpaid overtime compensation due under the FLSA, plus an additional like

amount in liquidated damages;

3. That Plaintiff be awarded costs of litigation, including her reasonable attorneys' fees

from Defendant; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*DELONG CALDWELL BRIDGERS*
*& FITZPATRICK, LLC*

*/S/ MICHAEL A. CALDWELL*
MICHAEL A. CALDWELL
3100 CENTENNIAL TOWER          GA. BAR NO. 102775
101 MARIETTA STREET
ATLANTA, GEORGIA 30303         */S/CHARLES R. BRIDGERS*
(404) 979-3150                 CHARLES R. BRIDGERS
(404) 979-3170 (f)             GA. BAR NO. 080791
michaelcaldwell@dcbflegal.com
charlesbridgers@dcbflegal.com

COUNSEL FOR PLAINTIFF